■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL VALENTINE, Appellant.— Appeal from a judgment of the County Court, Westchester County, rendered July 12, 1967, convicting defendant of sodomy and rape, both in the first degree, and other crimes, after a nonjury trial, and imposing sentence. Judgment affirmed. No opinion. Beldock, P. J., Christ, Brennan and Rabin, JJ., concur; Hopkins, J., dissents and votes to modify the judgment to the extent of remitting the action to the trial court for a hearing in accordance with the following memorandum: In my opinion, the "show-up" procedure at bar is essentially indistinguishable from that condemned in *People* v. *Hill* (22 N Y 2d 686) and therefore this action should be remitted to the trial court for a hearing wherein the People should be required to prove by clear and convincing evidence that the trial identification of defendant by the female he is alleged to have raped and sodomized was not tainted by the improper "show-up" (*People* v. *Hill, supra,* p. 688; Wall, Eye-Witness Identification in Criminal Cases, pp. 27–40).

■ MILTON SCHLACKMAN, Respondent, v. EDWARD F. MARTIN, Appellant.— Order of the Supreme Court, Nassau County, dated May 8, 1968, which denied defendant's motion (deemed by this court as one for renewal, on new or additional facts, of his prior motion to open his default in serving an answer, which prior motion had been denied by an order dated March 18, 1968), reversed, on the law and the facts, and defendant's renewed motion granted. Defendant's time to serve his answer to the complaint is extended until 20 days after entry of the order hereon. Appeal from order of the same court dated March 18, 1968 dismissed as academic in view of the determination herein on the appeal from the order dated May 8, 1968. Appeals from two orders of the same court dated August 23, 1968 and November 7, 1968, which respectively denied defendant's motion for a traverse and his renewed motion for that relief upon additional papers, dismissed as academic. Respondent is awarded $50 costs and disbursements against appellant to cover all the appeals. Inasmuch as the appeals present two divergent claims, we deem defendant's prosecution of both to constitute a waiver, i. e., that the claim of improper service of the summons and complaint will not be pressed if the default in answering is opened. As to the absence of a notice of appeal from the order of May 8, 1968, we have reviewed that order under the authority of CPLR 5517 (subd. [b]). In our opinion, the record does not sufficiently support the conclusion that the default in answering the complaint was willful; and defendant's affidavit of merits presents an arguably meritorious defense. Since the delay was not overly long and plaintiff has not been unduly prejudiced, we deem the denial of defendant's motion to open his default and compel plaintiff to accept his answer an improvident exercise of discretion. Christ, Acting P. J., Brennan, Hopkins, Munder and Kleinfeld, JJ., concur.